1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

BRIAN D. WATSON,

               Plaintiffs,

    v.

.
WYETH, D.B.A., WYETH CONSUMER
HEALTHCARE, and WYETH, INC.,

               Defendant.

**Case No.** C03-5503

ORDER DENYING DEFENDANTS'
MOTION FOR JUDGEMENT
NOTWITHSTANDING THE VERDICT
OR IN THE ALTERNATIVE FOR A
NEW TRIAL

     THIS MATTER comes before the court on defendant Wyeth's Motion for Judgment as a Matter of Law or New Trial pursuant to FRCP 50(b)(1) and (59(a).  The court has considered all materials submitted in support of and in response to said motion as well as the files and records herein.

     Specifically, defendant seeks a judgment notwithstanding the verdict pursuant to FRCP 50(b)(1)(C). Alternatively the relief sought is a new trial pursuant to FRCP 50(b)(1)(B) and/or 59(a). Defendant asserts that because plaintiff failed to produce sufficient evidence from which the jury could have reasonably concluded that Wyeth discriminated against him because of his age, judgment as a matter of law or, alternatively a new trial, is appropriate.

     Plaintiff claimed he was terminated and not transferred by the defendant in violation of his state and federal rights to be protected from age discrimination.  After an extended trial the jury found the defendant

discriminated against the plaintiff under both the federal Age Discrimination in Employment Act (ADEA) and the Washington Law against Discrimination (WLAD). The jury further found the discrimination to be "willful". Defendant's motion for a directed verdict at the end of plaintiff's case and renewed the motion at the conclusion of all the evidence. Both motions were denied.

Defendant first alleges that plaintiff admitted he had no evidence demonstrating that age was a factor in defendants decision to terminate him without transfer to another position. The transcript of plaintiff's testimony cited at page 3 of defendant's motion does not rise to the level of such an admission. There was no dispute that plaintiff was in the protected age class. There was substantial direct evidence of wholesale hiring of new people in their twenties and early thirties at the time of, and shortly after, plaintiff's termination. There was also substantial circumstantial evidence to support plaintiff's claim.

Defendant next alleges that plaintiff failed to produce any evidence for a jury to reasonably conclude that defendant's proffered reasons for eliminating his position at Safeway and not transferring him were false. There was no dispute that Safeway "centralized" their purchasing structure thereby eliminating the specific position held by plaintiff. That was not the issue. The issue was plaintiff's allegation that he was terminated in lieu of transfer in favor of younger people. Defendant asserted plaintiff was not "qualified" to be considered for *any* other available positions. The testimony of Mark Kempsell, defendants shifting explanations, and defendant's own company records were significantly inconsistent with the testimony of many of the defense witnesses, particularly Roger Gravitte, Diane Rogers, and Leslie Gargas. This inconsistency raised obvious credibility issues with regard to all issues, including pretext and qualification, for the jury to decide.

Defendant alleges that plaintiff's evidence of "stray remarks" by defendant's employees was not evidence of age discrimination. While these alleged remarks were a very small piece of the plaintiff's evidence pie, and while no single remark was dispositive of the issue, considering the persons who made them, the context in which they were rendered, and the defendant's hiring of persons with relatively little comparable experience in their late twenties and early thirties, they had some evidentiary value.

With regard to defendant's assertion that plaintiff's counsel misled the jury in closing argument by referring to "statistics" he had presented at trial as evidence of Wyeths actions being motivated by age, this court finds no error. The defense acknowledges that plaintiff introduced documentary evidence listing the ages and positions of employees that were hired or terminated in the relevant time period, but suggests that absent

some expert testimony regarding this evidence they were mischaracterized by counsel. The court allowed these exhibits, over some objection, finding they were in fact relevant. Counsel's characterization of the documents as "statistics" is at the least a distinction without a difference and at the most harmless error.

Defendant also seeks an adjustment of the front pay damages awarded by the jury. Defendant suggests there was insufficient evidence to "calculate a reasonably certain front pay award." Plaintiff presented a qualified expert witness who testified in detail as to his assumptions, his method of computation, and discounted the same to present cash value. Defendant's expert countered, acknowledging (subject to minor discrepancies) the accuracies of plaintiff's experts evaluation. The only meaningful distinction between the expert opinions was defendants experts position that plaintiff should be expected to earn in a range close to what he was making at the time of his termination by Wyeth. The undisputed testimony was that the plaintiff made a valiant effort to obtain employment in the Puget Sound region and that his employment with Enterprise Car Rental was the only job he was able to find. The job requires long and sometimes difficult hours of work, and offers little in the way of pay and benefits compared to his income from Wyeth. The jury could reasonably have concluded that plaintiff would not work so hard for so little, if he could find a better employment. There was no evidence that defendant has remained unemployed because of a lack of effort. The only limitation he placed on his job search was geographical. The defense presented no evidence that his employment prospects would have been any better outside the Puget Sound region. There was sufficient evidence from which the jury could reasonably have reached their front pay award verdict.

Finally, addressing defendants correct reference to the courts remarks when ruling on defendants motion for a directed verdict at the end of the plaintiff's case, this court stated as follows: "Frankly, I think it's a close call. I really do. I don't think the plaintiff has presented a very strong case." This court denied the motion finding plaintiff to have presented sufficient evidence for the case to move forward. Plaintiff's case became considerably stronger following the live testimony of defendant's employees (some of whom had already testified by way of video deposition during plaintiff's case). The testimony of these witnesses, particularly Gravitte, Rogers, and Gargas, combined with their manner and demeanor while testifying, clearly created issues of credibility for the jury to determine.

**Defendant's Motion for Judgement as a Matter of Law or alternatively for a New Trial is denied.**

May 20th ,2005.

/s/ J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28