**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| BRIAN D. WATSON,<br><br>                  Plaintiffs,<br><br>    v.<br><br>WYETH, D.B.A., WYETH CONSUMER HEALTHCARE, and WYETH, INC.,<br><br>                  Defendant. | **Case No.** C03-5503<br><br>ORDER GRANTING IN PART (subject to determination of amount) AND DENYING IN PART PLAINTIFF'S MOTION FOR ADDITUR |

      THIS MATTER comes before the court on Plaintiff's Motion for Additur Regarding Tax Consequences of Award. This Motion was noted for May 13, 2005, however the court found it appropriate to defer ruling until the court had ruled on Defendant's Motion for Judgement as a Matter of Law or alternatively a New Trial. That matter having been ruled on this date, the court now considers the Motion for Additur. In so doing, the court has considered plaintiff's motion and defendant's response.

      Plaintiff requests relief under the Washington Law Against Discrimination (WLAD). He seeks moneys to offset the tax implications of a lump sum award, as well as reimbursement for the 10% penalty he incurred in taking an early withdrawal from his 401(k) retirement plan to finance this litigation.

      Defendant responds claiming there is no authority to award tax consequences under either WLAD or the federal Age Discrimination Employment Act (ADEA). Plaintiff only makes his request under the WLAD.

Both parties cite *Blaney International Ass'n of Machinists and Aerospace Workers*, *Dist. No. 160*, 151 Wn2d 203 (2004). In *Blaney*, plaintiff filed suit under WLAD claiming gender discrimination. She prevailed and the Washington State Supreme Court concluded that WLAD entitled plaintiff to additional federal income tax consequences under the "any other appropriate remedy authorized by the United States Civil Rights Act." WLAD provides as follows:

> Any person deeming himself or herself injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained By the person, or both, together with the costs of suit including reasonable Attorneys' fees ***or any other appropriate remedy authorized by this Chapter or the United States Civil Rights Act of 1964 as amended***, or the Federal Fair Housing Amendments Act of 1988 (42 U.S.C. Sec. 3601 et seq.). (Emphasis supplied).

Defendant calls the court's attention to the fact that the *Blaney* court relied on Title VII – United States Civil Rights Act which allows as remedial relief "any other equitable relief as the court deems appropriate." Defendant goes on to assert that "age" discrimination claims are governed by the ADEA, 29 U.S.C. Sec. 623, and that the remedial provisions were patterned after the Fair Labor Standards Act (FLSA).

The irony is that the WLAD includes age discrimination and refers to the Civil Rights Act which does not, and makes no reference to the ADEA. The courts have uniformly suggested liberal construction of the statutes prohibiting discrimination. It seems clear to this court that the Washington State Legislature intended to grant any of its citizens whose rights were violated under WLAD, RCW 49.60 et seq. (including age discrimination) the types of remedies available under Title VII (which does not include age discrimination). It is the function of the legislative branch of government to set forth the law. The court is only to interpret it when ambiguous or invalidate it when unconstitutional. The law before the court appears unambiguous and constitutional. It is illogical to conclude that the legislators meant to treat victims of age discrimination differently than victims of other types of discrimination all enumerated in the same sentence of the WLAD. This determination would apply to the tax consequences of receiving a lump sum award. The plaintiff should not be able to recover for the tax consequences suffered as a result of funding this litigation through the early withdrawal of proceeds from his 401(k) retirement plan. There is no showing that this was the only source

of funds available to the plaintiff. Even if such a showing was made the court is not satisfied this would be the type of tax consequence contemplated as recoverable.

**Accordingly plaintiff's motion for an additur is granted with regard to the lump sum award (SUBJECT TO A DETERMINATION AS TO THE CORRECT AMOUNT); and denied with regard to the 401(k) withdrawal.**

The court wishes to make the following disclosures:

a. The court has enjoyed a professional and personal relationship with defendant's expert, Thomas J. Sadler and members of his firm for a period in excess of 25 years.

b. The court's personal income tax return has been prepared by Johnson, Stone, and Pagano, with whom plaintiff's expert John Allen is associated, for the past several years.

**Accordingly the court would suggest that the parties in consultation with their experts agree on a third person to make a joint recommendation to the court as to the tax consequences (without prejudice to defendant's right to object to the court's granting plaintiff's motion for additur); or alternatively to select new independent experts. If the parties have a joint alternative recommendation the court will be receptive to hearing it. The court should be notified as to how the parties wish to proceed no later than Friday, May 27, 2005.**

May 20, 2005

/s/ J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 3

ORDER
Page - 4