**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

BRIAN D. WATSON,

                    Plaintiffs,

      v.

WYETH, D.B.A., WYETH CONSUMER HEALTHCARE, and WYETH, INC.,

                    Defendant.

**Case No.** C03-5503

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS FEES

    THIS MATTER comes before the court on Plaintiff's Motion for Attorneys's Fees. The court has reviewed all materials submitted in support of and in response to said motion as well as the files and records herein.

    Plaintiff's counsel prepared and tried a case based on claims under the Washington Law Against Discrimination (WLAD) and the federal Age Discrimination Employment Act (ADEA). His claims were based on age discrimination, wage discrimination and retaliation. The case was filed on September 12, 2003. The case was tried to a jury beginning March 22, 2005. The retaliation claim was dismissed at the end of plaintiff's case. A verdict was rendered April 13, 2005. The jury found for the defendant with regard to the wage discrimination claim. The plaintiff prevailed on the age discrimination claim under both state and federal law. A prevailing plaintiff is entitled to a "reasonable" attorney's fee under both WLAD and the ADEA. Both parties submit as the applicable standards for determination, those factors set forth in *Johnson v. Georgia*

*Highway Express, Inc.* 488 F.2d 714, 717 (5th Cir. 1974). Those factors and their application to the case at bar are as follows:

**1. The time and labor required**. Redundancy is usually inevitable and often difficult to avoid. However, this case was replete with redundancy in the trial phase. The vast majority of plaintiff's case was in the presentation of video depositions of defendant's employees who were, for the most part, all subsequently called to testify live in the presentation of the defendant's case. These witnesses (with one exception) traveled a substantial distance to be present and testify for the defense at trial. Although plaintiffs counsel claims time spent for determining the propriety of utilizing the depositions at trial, the unrefuted affidavit of defense counsel states there was never a request by plaintiffs counsel for the defense to make their employee-witnesses available for trial. Although the court has no way of knowing what response the plaintiff might have received, the failure to explore a more efficient presentation of the case to the jury must be taken into consideration.

**2. The novelty and difficulty of the questions**. It is common for the scenarios in employment law cases to present interesting legal questions. This case was certainly no exception as is evidenced by the number of objections the court was asked to rule on in the video deposition transcripts prior to trial. This exercise involved several days of review by the court. The objections were not frivolous. The "failure to transfer" aspect of the case as well as sequence issues made the presentation of evidence especially important. Plaintiff was pursuing both state and federal claims causing the court and counsel to spend some extra time making certain that the jury instructions and verdict form adequately set forth the law and allowed the jury to address the issues in proper order without confusing one claim with another.

**3. The skill requisite to perform the legal service properly**. Discovery, preparation, and trial of this case required counsel to pay extremely close attention to detail; a sufficient understanding of business and human resource practices; knowing what to seek by way of discovery; patience to sort through an extraordinary number of documents and determine how, if at all, they related to one another in terms of presenting plaintiff's case; and all of the skill necessary to hold the interest of a jury for a protracted period of time in a document intensive case.

4**. The preclusion of other employment by the attorney due to the acceptance of the case**. Although the court has already stated that the case could and should have been tried in a shorter period, it is unrefuted that plaintiff's counsel is an employment lawyer with a small firm in Tacoma, Washington. There

is no reason to doubt his claim that his involvement in the preparation and trial of this case took a significant amount of his time away from other opportunities. This court was in regular contact with counsel during the weeks preceding trial over pre trial matters and is aware that counsel for both sides were spending an extraordinary amount of time in trial preparation.

**5. The customary fee**. This court has heard fee disputes in both state and federal court in this jurisdiction for 24 years, and to some extent can take judicial notice of fees charged in the local marketplace. The court has considered the affidavits of outside counsel presented by attorneys for both the plaintiff and defense, all of whom are known or known of by the court. While there is no "standard" fee, there certainly is a "standard range" of fee for the type of service performed by plaintiff's counsel. The court finds a reasonable for Richard Wooster to be $250 per hour and a reasonable fee for his associate to be $150 per hour.

**6. Whether the fee is fixed or contingent**. Plaintiff's counsel had a 40% contingent fee agreement with his client which was certainly reasonable given the risks attendant to employment law litigation in general, age discrimination cases in particular, as well as the specific facts in this case. This factor is not significant in terms of the court's determination of an award as allowed by statute.

**7. Time limitation imposed by the client or the circumstances**. The court finds this fact to be of minor, if any, importance in this case.

**8. The amount involved and the results obtained**. Given the undisputed testimony regarding plaintiff's age, search for new employment, and the difference between his income prior to termination and at the time of trial, plaintiff had a reasonable argument for a significant amount of front pay. The result was reasonable.

**9. The experience, reputation, and ability of counsel**. Plaintiff's counsel is known in the community for his work and years of experience in the employment law field where he enjoys a fine reputation. Opposing counsel also enjoy an excellent reputation in the legal community and, as worthy adversaries, challenged plaintiff's counsel to utilize his skills to the fullest extent.

**10. The undesirability of the case**. It has been this court's observation that "age" discrimination cases are particularly difficult. Plaintiff made a good appearance before the jury. He appeared straightforward and candid. Given his years of service with the defendant company (in excess of 20) he presented as sympathetic. Defendant's company records were subject to more than one interpretation, but could

certainly be argued to support plaintiff's position. It was not an easy case, but it had some features which would make it qualify as "desirable."

**11. The nature and length of the professional relationship with the clients.** Plaintiff's counsel had not represented Mr. Watson prior to this litigation.

**12. Awards in similar cases.** The bulk of the award in this case was in the nature of economic damages. In that respect, each case turns on its own facts. Once the jury made a determination of liability the economic damages were well within the range of reasonableness. This court is aware of greater and smaller awards of non-economic damages in discrimination cases. Again the award was within the realm of reason and should not be significantly distinguished from employment law cases in general.

Plaintiff seeks attorney's fees as follows:

- Richard Wooster, lead attorney:   1,038.83 hours @ $300 = $311,649.00
- Associate Counsel:   15.90 hours @ $175 = 2,782.50

Sub Total   $314, 431.50

Adjusted by multiplier of 1.5   **Total**   **$471,647.25**

Defendant challenges the requested fees based on:

- Requested hourly rates are not community market rates.
- Hours claimed are not reasonable.
- Plaintiff did not succeed on all claims.
- Lodestar multiplier is unjustified.

1. **Hourly Rates.** This issue is addressed under the "The Customary Fee" in the fifth consideration set forth above. The court is cognizant of the affidavits filed by attorneys supporting both Mr. Wooster's request and the defendant's contentions. The court has no doubt with regard to the integrity of those affiants as to their hourly rates or expectations for this type of litigation. The court, however, must consider as well those fees the court has reviewed and been exposed to in other litigation before the court, both from the court's experience in ruling on attorney's fees issues, and from serving frequently as a settlement judge in civil rights cases where attorney's fees become the pivotal settlement issue. The court repeats that appropriate hourly rates considering all factors would be $250 for attorney Richard Wooster, and $150 for his associate.

2. **Reasonableness of hours claimed**. There is nothing in plaintiff's billing record that rises to the level of offending the court in terms of the services performed. Plaintiff's counsel is from a relatively small firm without the plethora of administrative and quasi-legal assistance routinely available in larger firms. Accordingly, lawyers in smaller firms do the work themselves that attorneys delegate in larger firms. This is a consideration in the court's determination of a reasonable hourly fee in the above paragraph.

Lawyers and Judges can debate endlessly the effectiveness of strategy and style in presenting a case. The court is mindful that "Monday morning quarter-backing" counsel's tactics should be exercised with caution. Most of plaintiff's case was in the form of video depositions of defendant's employees taken pretrial. While there may be some value in repetitive testimony to make sure the jury gets the point, the court found there to be substantial redundancy in the presentation of plaintiff's case. Accordingly, this is factored into the court's ultimate determination regarding attorney's fees.

**3. Degree of plaintiff's success**. Defendants allege that plaintiff's fee should be discounted by reason of the fact that he did not prevail on all claims. While, this is true, success on all claims would not have significantly affected the ultimate verdict. Plaintiff's failure to prevail on the "retaliation" issue was not significant insofar as the time expended is concerned. The discovery and trial time expended on that issue was inextricably entwined with the age discrimination claim on which plaintiff did prevail. It is fair to say, however, that much of the "wage discrimination" testimony could be considered as a "non-prevailing" effort, and should be taken into consideration in determining the appropriate fee award.

**5. Lodestar Multiplier**. The court has reviewed the authorities submitted by both parties under both State and Federal law regarding the applicability of enhanced lodestars. Clearly, this is a matter within the discretion of the court. On the surface, plaintiff had a compelling case. There is nothing in the record to suggest that he had searched "far and wide" for counsel to take on his cause. The court sees no basis for an enhanced lodestar in this matter based on all the determinations set forth in the *Johnson* factors above. Accordingly the court finds a reasonable attorney's fee to be in the sum immediately hereafter ordered.

IT IS HEREBY ORDERED ADJUDGED AND DECREED, that plaintiff be awarded attorney's fees in the above captioned cause in the sum of $245,000.

May 24, 2005

    /s/ J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 6