**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

BRIAN D. WATSON,

        Plaintiff,

v.

WYETH, D.B.A. WYETH CONSUMER HEALTHCARE; and WYETH, INC.,

        Defendant.

**Case No.** C03-5503 JKA

**ORDER DENYING PLAINTIFF'S MOTION TO RETAX COSTS**

THIS MATTER comes before the court on Plaintiff's Motion to Retax Costs. The court has considered all materials submitted in support of and in opposition to the issue of costs as well as the files and records herein.

Plaintiff's Cost Bill was filed April 26, 2005 (Doc 120). Defendant's Opposition (Doc 139) was filed May 2, 2005. Taxation of Costs order was filed by the clerk on May 27, 2005 (Doc 165). Pursuant to Local Rule 54(d)(4) the clerk's taxation of costs has been appealed.

Costs, generally are addressed under 28 U.S.C. 1920, wherein it is provided "A judge or clerk of any court of the United States may tax as costs the following: . . . . . . . . ." Clearly the award of costs is discretionary provided that discretion is reasonably applied.

For all intents and purposes plaintiff can rightfully claim to be the "prevailing" party, although not all of plaintiff's initial claims survived. Plaintiff's claims filed in federal court were based on both state and federal law. Obviously, considerable sums were expended by plaintiff and/or plaintiff's counsel in the filing, preparation, and trial of this case.

The manner in which plaintiff's Motion to Tax Costs was initially presented to the Clerk for consideration was difficult to compartmentalize (Docs.120-122). Although counsel designated categories, it is difficult to allocate with sufficient specificity the itemized costs sought against the categories requested. It is also difficult to segregate out specific witness costs from others lumped together in a single billing. Lodging bills include such extras as "movies" with no clarity as to how the bill was adjusted in computing the cost requested, if at all. The issue of transcripts, versus the cost of video taped transcripts all in combination with a serious question as to the necessity of presenting the testimony by way of video is also an issue for the court to consider. Not all of the witnesses for whom transcript recovery appears to be requested testified at trial.

It is clear that the Clerk of Court spent an immense amount of time addressing the concerns above set forth, as well as considering the allowances under 28 U.S.C. 1920. Given the court's discretion, the costs as taxed by the Clerk of Court are reasonable.

**Plaintiff's Motion to Retax Costs is denied**.

June 16, 2005

___/s/ J. Kelley Arnold_____
J. Kelley Arnold, U.S. Magistrate Judge